UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

SIMON J. BURCHETT PHOTOGRAPHY, INC.,  :

                Plaintiff,  :

           -against-  :

MAERSK LINE LTD. and MAERSK A/S,  :

              Defendants.  :

- - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

20 Civ. 3288 (GBD) (RWL)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 18 2021

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Simon J. Burchett Photography, Inc. ("Plaintiff") brings this action against Defendants Maersk Line Ltd. and Maersk A/S ("Defendants"), asserting claims of direct, contributory, and vicarious copyright infringement of three photographs in addition to violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201(a), 1202(a)–(b), for alleged removal of copyright attribution information. (Am. Compl., ECF No. 19, at 1.) Defendants move to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, arguing that an existing settlement agreement between the parties requires that this dispute be resolved through arbitration. (Mem. in Support of Defs.' Mot. to Dismiss Am. Compl., ECF No. 20, at 7.)

    Before this Court is Magistrate Judge Robert W. Lehrburger's December 30, 2020 Report and Recommendation (the "Report"), recommending that—consistent with Defendants' requested alternative relief—the case be stayed pending arbitration. (Report, ECF No. 46, at 1.) Magistrate Judge Lehrburger advised the parties that failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 22.) No objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I.   FACTUAL BACKGROUND[1]

Plaintiff, the corporate vehicle for professional photographer Simon Burchett, entered into a licensing agreement with Defendants' parent company, A.P. Moller-Maersk A/S ("Maersk") in January 2007. (Report at 2.)   The agreement gave Maersk permission to use fifteen photographs, taken by Burchett, of a Maersk ship named the "Estelle Maersk." (*Id.*)   The agreement provided that the photographs were only to be used within Maersk. (*Id.*)   In 2016, Burchett discovered one of the photographs in use "by an unauthorized third-party who received the image from Maersk." *Id.*   In December 2018, Burchett and Maersk entered into a settlement agreement, releasing Maersk and "all [its] subsidiaries and affiliates" from any and all claims Burchett may have with respect to the "alleged unauthorized publication of any and all of [Burchett]'s copyrighted images of the Estell Maersk" that existed on any of the released parties' "Flickr page[s] . . . website[s], and . . . affiliated social media channels" as of December 18, 2018. (Report at 3.) Notably, the settlement agreement included a binding arbitration clause to handle "any dispute under, concerning or relating to the terms and/or enforcement of this Agreement." (Report at 3–4.)

Plaintiff alleges "repeated instances of infringing conduct" after the parties entered into the December 2018 settlement agreement, including the posting of three images on ten social media websites and numerous other websites in addition to Defendants' alleged impermissible authorization of "hundreds of third-parties to use the [i]mages," constituting "contributory and vicarious infringement." (Report at 4.)   While some of the infringing incidents detailed in Plaintiff's Complaint allegedly occurred after the effective date of the settlement agreement, others preceded that date. (Report at 4.)

---

[1] A more thorough, detailed factual background and procedural posture is available in the Report. (*See* Report at 2–8).

## II.   LEGAL STANDARDS

### A.  Reports and Recommendations.

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C).  A magistrate judge's report to which no objections are made is reviewed for clear error.  *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).  Clear error is present when, "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed,'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted), and not merely if it 'would have decided the case differently.'" *Hernandez v. City of New York*, No. 11 Civ. 6644 (KPF) (DF), 2015 WL 321830, at *2 (S.D.N.Y. Jan. 23, 2015) (quoting *Easley v. Cromartie,* 532 U.S. 234, 242 (2001)).

### B.  Motion to Dismiss Based on an Arbitration Clause.

Where a party moves to dismiss based on an arbitration clause but does not also manifest an intention to compel arbitration, the applicable standard is that of a motion to dismiss made pursuant to Rule 12(b)(6) for failure to state a claim. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).  The factual

3

allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).[2]

A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co., LLP*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

## C. Settlement Agreement Arbitration Clause.

The Federal Arbitration Act ("FAA") creates a "presumption of arbitrability," whereby an arbitration agreement is "valid, irrevocable, and enforceable save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *see also Leadertex, Inc. v. Morganton Dyeing & Finishing Corp.*, 67 F.3d 20, 25 (2d Cir. 1995). In this way, the FAA "embodies the national policy favoring arbitration and places arbitration agreements on equal footing with all other contracts." *Buckeye Check Cashing, Inc. v. Cardegna,* 546 U.S. 440, 443 (2006). The purpose of the arbitrability presumption is "to preserve the parties' ability to agree to arbitrate, rather than litigate, disputes." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Schnabel v. Trilegiant Schnabel,* 697 F.3d 110, 118 (2d Cir. 2012)).

---

[2] "In deciding a motion to dismiss under Rule 12(b)(6), the court may refer 'to documents attached to the complaint as an exhibit or incorporated in it by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.'" *Fishbein v. Miranda*, 670 F. Supp. 2d 264, 271 (S.D.N.Y. 2009) (quoting *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

### III.   THE REPORT IS ADOPTED

After a complete review of the relevant legal standards and facts at issue, Magistrate Judge Lehrburger correctly concluded that a stay pending arbitration was warranted. (*See* Report st 21–22.)  Because Defendants' motion to dismiss did not manifest an intention to compel arbitration Magistrate Judge Lehrburger properly analyzed the motion under the legal standard applicable to Federal Rule of Civil Procedure 12(b)(6). (Report at 9) (citing *Meridian Autonomous Inc. v. Coast Autonomous 9 LLC*, 2018 WL 4759754, at *3, *5 (S.D.N.Y. Sept. 30, 2018).   Neither party disputes the existence of a valid, enforceable settlement agreement between both parties that contains a binding arbitration clause.  (Report at 12.)

The arbitrability of a specific claim is a legal question that should be judicially determined barring "'*clear and unmistakable' evidence* from the arbitration agreement, as construed by the relevant state law, that the parties intended that the question of arbitrability shall be decided by the arbitrator" rather than the Court.  *Shaw Grp. Inc. v. Triplefine Int'l Corp.*, 322 F.3d 115, 121 (2d Cir. 2003) (quoting *Bell v. Cendant Corp.,* 293 F.3d 563, 566 (2d Cir. 2002)) (emphasis in original) (finding that both federal and New York state law are "the same" in this regard and holding that the question of arbitrability should usually be decided by the judge).   Magistrate Judge Lehrburger correctly found that "the Arbitration Clause in the Settlement Agreement indisputably delegates the question of arbitrability to the arbitrator" in this matter.  (Report at 12.)  The agreement between the parties explicitly adopts the rules from the JAMS Expedited Procedures, and JAMS Rule 11(b) "expressly grant[s] the arbitrator the authority to decide questions of arbitrability."  (Report at 13.) Plaintiff did not dispute that the question of arbitrability was delegated to the arbitrator in arbitration proceedings, but argued instead that the claims at issue are outside the scope of the Settlement Agreement.  (Report at 14.)

In determining whether claims are within the scope of an arbitration agreement, courts consider the breadth of the arbitration clause and whether the "allegations underlying the claims touch matters covered by the parties' . . . agreements." *Holick v. Cellular Sales of New York, LLC*, 802 F.3d 391, 395 (2d Cir. 2015) (quoting *Smith/Enron Cogeneration Ltd. P'ship v. Smith Cogeneration Int'l*, 198 F.3d 88, 99 (2d. Cir 1999)) (omission in original). Any doubts about the scope of the arbitration agreement are resolved in favor of arbitration. *Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019). In cases where the arbitration clause is found to be narrow, the scope of the clause is "obviously more limited," but for cases where the arbitration clause is found to be broad, this Court must presume that the parties intended "all issues that 'touch matters' within the main agreement to be arbitrated." *Louis Dreyfus Negoce S.A. v. Blystad Shipping & Trading Inc.*, 252 F.3d 218, 225 (2d Cir. 2001). Magistrate Judge Lehrburger correctly concluded that the arbitration clause at issue is broad as it applied to "'any dispute under, concerning or relating to the terms and/or enforcement' of the Settlement Agreement." (Report at 15.) Plaintiff's allegations are properly construed as "a continuation or maintenance of past conduct covered by the Settlement Agreement." (Report at 16.) Thus, Magistrate Judge Lehrburger correctly found that "[m]ost, if not all," of the claims at issue here fall within the scope of the arbitration agreement. (Report at 15–16.)

Moreover, Magistrate Judge Lehrburger properly found that non-signatories to arbitration agreements may nonetheless be bound by them, and that the non-signatory "may compel a signatory to that agreement to arbitrate a dispute where . . . the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement." (Report at 17–18) (quoting *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177 (2d Cir. 2004)). Here, Maersk, as parent

6

company of Defendants, executed the agreement on behalf of all of its subsidiaries and affiliates, and Defendants are appropriately bound by it regarding the current claims.  (Report at 18.)

Having reviewed the Report, this Court is left without a "definite and firm conviction that a mistake has been committed." *Highland Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 177 (S.D.N.Y. 2008).  The arbitrability of Burchett's claims should first be addressed by the arbitrator, and the case is stayed to enable the arbitration proceedings to "go forward without . . . unnecessary duplication and risk of inconsistent results." *Moore v. Interacciones Global, Inc.*, 1995 WL 33650, at *7 (S.D.N.Y. 1995).

## IV. CONCLUSION

Magistrate Judge Lehrburger's Report is ADOPTED.  Defendants' motion to dismiss Plaintiff's complaint, (ECF No. 20), is GRANTED to the extent that the case is stayed pending arbitration, pursuant to Defendants' requested alternative relief.  The Clerk of Court is directed to close the motion and this case accordingly.

Dated: New York, New York
       March 18, 2021

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge